Totten, J.
delivered the opinion of the court.
Qn the 17th October, 1811, Benjamin Wroe, of Frederick, Virginia, made his will, which, after his death, was duly admitted to probate, and in which, is the following clause, to wit. “I also lend unto my daughter, Jane Settle, during her natural life, one negro woman, known by the name of Susannah, and her increase, and at her death, the said negro and increase to be divided between the heirs of her body.”
Jane Settle .died in January, 1847, leaving her husband, Daniel Settle, the defendant, surviving, and also leaving a family of children, who are parties to this suit. The slave, Susannah, and her numerous increase, are in possession of defendant, Daniel Settle, except three of Susannah’s children, which he sold before he removed from Virginia to Tennessee. The bill is filed by the children of Jane and Daniel Settle to recover said slaves and reasonable hire therefor, since the death of the tenant for life, and for compensation for those sold in Virginia.
Several questions have been raised, but the one which is decisive of the case, relates to the construction of the clause in the will, before recited. It has been urged, in an elaborate and able argument, that this bequest falls within, and is governed by the rule in Shelly’s case, 1 Co. R. 102. No principle or rule of the common law, has occupied so much of the time or called into active effort, so much of the learning and ability of the profession, as the rule in Shelly’s case. It has *476 been stated, defined and illustrated in several ably contested cases before this court. See the eases, Hunter vs. Loving, 8 Yerg. R. 4; Polk vs. Farris, 9 Yerg. R. 209; Kay vs. Conner, 8 Hum. R. 624.
Little remains therefore, but to apply the well settled and acknowledged principles of the rule, to the cases, as they may come before us, and this is all we shall attempt in the present case. It is a well settled principle of the rule, that the two estates, the one for life, and the one in remainder, shall be of the same nature; and therefore, if the one be equitable, and the other legal, the rule does not apply. It is also said in some of the cases that it is a rule of property and not of intention, and that it will take effect in a case, proper for its application, against the apparent intention of the deed or will. This apparent intention is not to be taken in aid of the rule, when it would not otherwise apply.
But when it is said to be a rule of property and not of intention, we do not understand that the intention is to be wholly disregarded. If an estate be granted to A for life, remainder to his heirs, the rule applies; and giving the legal effect and meaning to the terms employed, the rule is consistent with the intention, and carries it into full effect. The use of the legal and appropriate terms of limitation, necessarily implies, that it was intended, that they have their legal, technical effect. It may be called the legal constructive intention. For instance, the word heirs, implies that it was the intention, that those in remainder, shall take as heirs, at the death of the tenant for life; and if so, they must take by inheritance. It is true, that the intention which the law infers from the use of its proper *477 terms of limitation, is often, in cases under this rule, in opposition to the apparent intention of the deed or will. And in such case, the question is, whether the technical or legal intention, inferred from the use of technical terms, or the apparent intention, shall prevail. The rule' is properly applicable to real estate, because the words of limitation to which it applies, relate to th,e realty and not to the personalty. And yet, by analogy, where the words of limitation used, would raise an estate tail in real estate, they will give the absolute property in personal estate.
_ Now in the present case, the first estate is a loan for life, and the remainder is a gift, that is, the remainder is, evidently a legal estate. Does the word, loan, by its technical meaning and force, convey a legal estate, In the same manner as the word, give? It is very true, that a loan for life of personal property, imports a right to its free use and enjoyment, and in this respect, will be held equal to a gift for life, because of the supposed intention, although it be apparent, the proper legal terms, to create a legal estate, have not been used. We are referred by counsel to other illustrations of a similar character; as that a devise of the rents, profits, and income of land, will pass the land itself. Roper on Leg. 1519 note; Reid vs. Reid, 9 Mass. R. 372. But suppose the limitation to be of the rents, profits, and income of land to A for life, remainder to his heirs in fee, it is evident, the rule would not apply, the estates being of different nature.
Where the appropriate terms of limitation are employed and the estates are of the same nature, the rule will control the apparent intention, and vest the whole estate in the first taker. But if it be a loan for life, *478 which implies not the title but the use, and a gift in remainder, the apparent intention is the same, but because, as it seems to us, the technical meaning of the word loan, is not the same as the word give, the estates would not be of the same nature, in the sense of the rule; and therefore, not the rule, but the apparent intention would prevail. The case of Ham vs. Ham, 1 Dev. and Bat. Eq. R. 598, has been relied upon to sustain the rule in the present case. It is true the bequest is very similar to the one under discussion, being a loan of slaves for life and a gift to the heirs in remainder. But it will be seen, that the principal question in the case, was one which we concede and adopt, and that was, whether the rule may be applied to a limitation of personal chattels. In the statement of the nature and character of the rule, the judge who delivers the opinion, makes no allusion to the principle on which we decide this case; and that is, that the two estates must be of the same legal or equitable nature. To the same effect is the case of Bradly vs. Jones, 2 Ired. Eq. R. 245. These cases are not to be considered as authority against the rule of construction adopted in the case before us.
We hold the word heirs in the present case as it is held in many other cases, to be a word not of limitation, but of purchase; Hunter vs. Loving, 8 Yerg. R. 4, 4 Kent 212.
We have looked into the exceptions taken before the chancellor, and see nothing in them, requiring the revision of this court.
If indeed, it were irregular, under the circumstances, for certain of the parties interested in remainder, and who were made defendants, to be admitted on their application to become complainants with others having a *479 like interest, then those parties might well be considered as defendants still, and interested in the decree, in the same manner as if they were complainants. It is sufficient that they are parties to the suit. The death of one of the parties, interested in remainder, is informally suggested, but there is no admission or proof of the fact and it cannot be noticed. The bill appears to have been taken for confessed as to that party, and that is all the legal action we see in relation to him.
Let the judgment be affirmed.